BURLINGTON INDUSTRIES, INC. v. STATE HIGHWAY COMMISSION AND
TRAVELERS INSURANCE COMPANY.

AND

WILLIAM R. STUCKEY v. STATE HIGHWAY COMMISSION AND TRAV-
ELERS INSURANCE COMPANY.

(Filed 21 October, 1964.)

**State § 5d—**

    In these proceedings by the driver and owner of the truck which was struck in its lane of travel by a road roller of the Highway Commission, the evidence *is held* to support the findings of the Industrial Commission that claimants were injured by the negligence of the Highway Commission

and its employees and not to show that claimants were contributorily negligent.

DENNY, C.J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Huskins, J.,* April 1964 Session of CATAWBA.

Proceedings under the Tort Claims Act (G.S., Ch. 143, Art. 31) for compensation by William R. Stuckey, for personal injury, and by Burlington Industries, Inc. (Burlington), for property damage, arising out of a collision occurring 27 July 1960 on Highway 64 east of Claremont, N. C., between a road roller of the State Highway Commission, operated by its employee Carl W. Keener, and a truck of Burlington, operated by its employee Stuckey. As a result of the collision the truck was forced off the highway and damaged, and Stuckey was injured.

The proceedings came on for hearing before Deputy Industrial Commissioner Smith, whose findings of fact are summarized as follows: The road roller is equipped with a steel roller on one end and wheels with rubber tires on the other; it is steered by a tiller bar which controls the "rubber-tired-end" of the vehicle. It is equipped with a single set of mechanical brakes. The braking procedures are sufficient to stop it when in use in its regular work of rolling out asphalt or other road materials; the usual method of braking the machine when it is doing road work is by use of the transmission, shifting from forward to reverse gear. When the roller is transported from one job to another it is towed behind a truck with the roller end elevated off the road surface — it is attached for towing by means of a metal tongue which is a part of its equipment. The roller had been inspected and repaired and was in operable condition. It operates at 1 to 2 miles per hour when in low gear, at 2 to 4 in high gear. On the day of the collision it was towed to the job site. It rolled out asphalt patches and when the work was completed Keener was directed by his foreman to drive it on the highway to Claremont, a distance of about 2 miles, and park it. Keener was a regular truck driver; he had not operated a roller within two years prior to the date of the collision; he had never driven one a long distance on a highway. He was proceeding westwardly uphill with the "rubber-tired-end" forward; he was looking at the tires in order to properly steer it and keep it on the road. The transmission suddenly jumped out of gear and the roller started, "roller-end" forward, back down the hill. Keener applied the mechanical brakes but they did not stop or slow the roller, he was not able to control it. In the meantime the truck, proceeding eastwardly, came over the hill about 400 feet

away. It was drizzling rain and the road was wet. Stuckey, the truck driver, saw the roller and touched his brakes; he couldn't tell then whether the roller was in motion but observed that his (south) lane of the highway was open. He proceeded downhill at a speed of 40 to 45 and when about 150 feet away he saw the roller swerve toward his line of travel; he applied brakes, sounded his horn and left tire marks 140 feet in length. The truck was struck by the roller in the truck's lane of travel.

The Deputy Commissioner concluded that claimants were damaged by the active negligence of the Highway Commission in that its employee, Keener, was negligent in operating the roller on the highway with brakes which were not sufficient to stop or control it, in operating it on the highway without two separate means of applying brakes, G.S. 20-124(a), in operating the roller with limited experience in ordinary working operation and no experience in long distance operation on the highway. It was also concluded that the Highway Commission was not excused by reason of the emergency created by the transmission jumping out of gear — the brakes being inadequate to control it. It was further concluded that claimants were not contributorily negligent. Stuckey was awarded $10,000 damages and Burlington $4,487.

Upon review the Full Commission adopted as its own the findings, conclusions and awards of the Deputy Commissioner. On appeal to Superior Court all of respondents' exceptions were overruled and the awards of the Industrial Commission were affirmed.

*Helms, Mulliss, McMillan & Johnston and Larry J. Dagenhart for plaintiffs.*

*Patrick, Harper & Dixon for defendants.*

PER CURIAM. The evidence supports the Industrial Commission's findings of fact, and these findings support its conclusions. The court below did not err in affirming the awards.

Affirmed.

DENNY, C.J., took no part in the consideration or decision of this case.